```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
KAI TUNG CHAN,

                    Plaintiff,

      - against -                           04 Civ. 1165 (JES)

MARY ANN GANTNER, INTERIM DISTRICT          MEMORANDUM OPINION
DIRECTOR, and the UNITED STATES                  AND ORDER
CITIZENSHIP AND IMMIGRATION SERVICE,

                    Defendants.
------------------------------------------X
```

**SPRIZZO, D.J.:**

Plaintiff, Kai Tung Chan, brings this action, pursuant to 8 U.S.C. § 1421(c), seeking a de novo hearing of his application for naturalization following a denial of that application by the United States Citizenship and Immigration Service ("CIS" or "defendant"). Defendants, CIS and Mary Ann Gantner, bring this motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants defendants' motion.

## BACKGROUND

Kai Tung Chan, a native and citizen of the People's Republic of China, entered the United States on December 20, 1975. See Pl.'s Statement of Undisputed Facts ("Pl.'s Statement") ¶ 1-2; Defs.' Statement Pursuant to Local Civil Rule 56.1(a) ("Defs.' Statement") ¶ 1-2. Following his marriage to an United States citizen, Laraine Ann Pisciotta, Chan was granted the status of permanent resident on October 30, 1985. See Pl.'s Statement ¶ 3; Decl. of F. James LoPrest, Jr., dated Dec. 7, 2004, Ex. A ("Record of Proceedings"), at 206-19.

In December 1992, Chan was indicted for smuggling illegal aliens in violation of 8 U.S.C. § 1324(a)(2) and for conspiracy to do the same in violation of 18 U.S.C. § 371. See Record of Proceedings at 175-78. Chan pleaded guilty to count one of the indictment, which was "Conspiracy to Smuggle Illegal Aliens,"[1] and judgment was entered

---

[1] Plaintiff's response to defendants' Motion included a Statement of Undisputed Facts, dated February 17, 2005, which indicated that plaintiff "concurs with the statement of fact in paragraph #4" of defendants' statement of facts. Pl.'s Statement ¶ 4. In response to the Court's limited request for letters regarding the

1

against him on October 8, 1993. Id. at 171; Defs.' Statement ¶ 4.

As a result of plaintiff's plea, CIS's precursor, the Immigration and Naturalization Service, initiated deportation proceedings against him. See Record of Proceedings at 153–58; Pl.'s Statement ¶ 10. Chan sought discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c),[2] and, by written opinion dated May 6, 1996, an immigration judge granted that request and terminated plaintiff's deportation proceedings. See Record of Proceedings at 56–64; Pl.'s Statement ¶ 12.

On March 20, 2002, plaintiff submitted an application to the Immigration and Naturalization Service to become a naturalized citizen of the United States. See Defs.' Statement ¶ 6. Defendants denied that application on May 2, 2003, reasoning that plaintiff's conviction rendered him "unable to establish Good Moral Character" for the statutorily-required period. See Record of Proceedings at 12–13; Pl.'s Statement ¶ 7. Chan administratively appealed that decision. See Defs.' Statement ¶ 8. Upon reconsideration, defendants upheld the earlier decision and denied plaintiff's application, finding that plaintiff was "convicted of an aggravated felony...on or after 11-29-1990" and therefore was precluded from establishing good moral character. Record of Proceedings at 1 (citing 8 C.F.R. § 316.10(b)(ii)); Defs.' Statement ¶ 9.

Plaintiff filed a complaint dated February 9, 2004 in this Court seeking a de novo review of his application for naturalization. Compl. ¶ 9. The Court held Oral Argument on defendants' Motion for Summary Judgment on April 14, 2005. Because plaintiff raised arguments that were not addressed in his Response to defendants' Motion, this Court

---

constitutionality of applying a statute retroactively, see Order, dated Apr. 14, 2005, plaintiff submitted an Amended Statement of Undisputed Facts which disputed paragraph four of defendants' statement and which asserted that "Mr. Chan plead guilty to 18 U.S.C. § 371, Conspiracy to commit offense or to defraud the United States." Pl.'s Amended Statement of Undisputed Facts, dated May 23, 2005. The judgment of the United States District Court for the District of New Jersey indicates that plaintiff pleaded guilty to "Conspiracy to Smuggle Illegal Aliens" in violation of 18 U.S.C. § 371. Record of Proceedings at 171.

[2] This section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 and replaced with 8 U.S.C. § 1229b. See Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 297 (2001).

ordered the parties to submit supplemental letter briefs solely directed at the constitutionality of retroactively applying section 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208 (expanding "aggravated felony" to include plaintiff's conduct here and applying the term to the enumerated offenses "regardless of whether the conviction was entered before, on, or after [September 30, 1996]"). See Order, dated Apr. 14, 2005. Defendants submitted a letter dated April 29, 2005, Letter of F. James LoPrest, Jr., and plaintiff responded by letter dated May 23, 2005, Letter of Michael P. DiRaimondo ("DiRaimondo Letter").

**DISCUSSION**

A court may only grant summary judgment when "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All ambiguities and factual inferences must be drawn in favor of the party opposing the motion. See Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 5 (2d Cir. 1999).

Among other requirements, an applicant for naturalization bears the burden of showing that during the five years preceding the filing of his application he "has been and still is a person of good moral character." 8 U.S.C. § 1427(a)(3), (e); see also Berenyi v. District Director, Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967); 8 C.F.R. § 316.10(a)(1).

Although determination of good moral character is normally a matter of discretion, see 8 U.S.C. § 1427(e); 8 C.F.R. § 316.10(a)(2), Congress has provided a list of traits which, if possessed by the applicant, bar his ability to show good moral character, 8 U.S.C. § 1101(f). Section 1101(f) provides, in relevant part, that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was...one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))." Id. § 1101(f)(8). Among the felonies enumerated as aggravated felonies in 8 U.S.C. § 1101(a)(43) are "an offense described in

3

paragraph (1)(A) or (2) of [8 U.S.C. § 1324(a)] (relating to alien smuggling)," id. § 1101(a)(43)(N), and "an attempt or conspiracy to commit an offense described in this paragraph," id. § 1101(a)(43)(U). All enumerated offenses are deemed aggravated felonies "regardless of whether the conviction was entered before, on, or after September 30, 1996." Id. § 1101(a)(43).

Plaintiff has advanced four arguments as to why his 1993 conviction for conspiracy to smuggle illegal aliens should not preclude him from establishing his good moral character.

First, plaintiff argues that he "has not been convicted of an aggravated felony" because "[a] violation of 18 U.S.C. § 371 is not an aggravated felony as defined under the statute." DiRaimondo Letter at 1–2.

This argument is frivolous. "[A]n attempt or conspiracy to commit an offense described" in 8 U.S.C. § 1101(a)(43) is an aggravated felony. 8 U.S.C. § 1101(a)(43)(U). Here, there is no dispute that plaintiff was convicted of conspiracy in violation of 18 U.S.C. § 371. See DiRaimondo Letter at 1–2. Therefore, so long as the "substantive crime that is the objective of a charged conspiracy fits within the aggravated felony definition..., the conspiracy is also an aggravated felony by virtue of subsection (U)." Kamagate v. Ashcroft, 385 F.3d 144, 152–53 (2d Cir. 2004). Here, Chan pleaded guilty to count one of the indictment against him, which charged him with conspiracy to violate 8 U.S.C. § 1324(a)(2). See Record of Proceedings at 171, 175. Since that provision is explicitly enumerated as an aggravated felony, 8 U.S.C. § 1101(a)(43)(N), there can be no dispute that Chan's 1993 conviction was for an aggravated felony. Plaintiff's reliance on Dickson v. Ashcroft, 346 F.3d 44 (2d Cir. 2003), is wholly misplaced and merits no discussion.

Second, plaintiff contends that he is not precluded from establishing his good moral character because his 1993 conviction is outside "the period for which good moral character is required to be established," 8 U.S.C. § 1101(f), or "five years immediately preceding the date of filing his application," id. § 1427(a); see Pl.'s Mem. at

4

7-10; DiRaimondo Letter at 2-3.

This argument is unavailing. Although 8 U.S.C. § 1101(f) could have been more artfully drafted, a number of courts, including this Court, have held that the statute, since it applies to "one who <u>at any time</u> has been convicted of an aggravated felony," 8 U.S.C. § 1101(f)(8) (emphasis added), acts to perpetually bar aggravated felons from establishing good moral character. <u>Hernandez v. Gantner</u>, No. 04 Civ. 3449, 2005 WL 1155684, at *1 (S.D.N.Y. May 2, 2005); <u>see</u> <u>Castiglia v. Immigration & Naturalization Serv.</u>, 108 F.3d 1101, 1102-04 (9th Cir. 1997); <u>Boatswain v. Ashcroft</u>, 267 F. Supp. 2d 377, 385-86 (E.D.N.Y. 2003).

Third, in an argument first raised at Oral Argument, <u>see</u> Tr., dated Apr. 14, 2005 ("Tr."), at 12, 15, and, inexplicably, not discussed in his supplemental letter, <u>see</u> DiRaimondo Letter at 1-3, plaintiff maintains that applying section 321 of the IIRIRA to him "has an impermissibly retroactive effect" since the conduct to which he pleaded guilty to "was not an aggravated felony" at the time of his conviction.[3] <u>See</u> Tr. at 15.

Plaintiff is correct that his 1993 conviction would not have been deemed an aggravated felony at the time. Alien smuggling did not join the list of aggravated felonies until 1994, <u>see</u> Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 222(a), and plaintiff's conviction was not covered by the statute until 1996, <u>see</u> IIRIRA, Pub. L. No. 104-208, § 321(a)(8).

Despite this, it is well-settled law that Congress can enact laws that have retroactive effect by including "a clear indication...that it intended such a result." <u>Immigration & Naturalization Serv. v. St. Cyr</u>, 533 U.S. 289, 316 (2001); <u>see also</u> <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 268 (1994). In the present case, Congress provided that the term "aggravated felony" should apply to all enumerated offenses

---

[3] Plaintiff also contends that such an application is "violative of the <u>ex post facto</u> clause." DiRaimondo Letter at 3. This argument is meritless. The ex post facto clause applies only to criminal punishment, and does not apply to the civil proceedings at issue in this case. <u>See</u> <u>Kuhali v. Reno</u>, 266 F.3d 93, 111-12 (2d Cir. 2001); <u>Flores-Leon v. Immigration & Naturalization Serv.</u>, 272 F.3d 433, 439-40 (7th Cir. 2001).

5

"regardless of whether the conviction was entered before, on, or after [September 30, 1996]." IIRIRA, Pub. L. No. 104-208, § 321(b). The Supreme Court noted that the language of this provision "indicate[s] unambiguously [Congress's] intention to apply" it retroactively, St. Cyr, 533 U.S. at 318-19, and the Second Circuit, in the context of removal proceedings and sentencing enhancements, has applied the statute retroactively on numerous occasions, see, e.g., Brown v. Ashcroft, 360 F.3d 346, 353-54 (2d Cir. 2004); Kuhali v. Reno, 266 F.3d 93, 110-11 (2d Cir. 2001); United States v. Luna-Reynoso, 258 F.3d 111, 114-16 (2d Cir. 2001); Bell v. Reno, 218 F.3d 86, 89 (2d Cir. 2000); see also Flores-Leon v. Immigration & Naturalization Serv., 272 F.3d 433, 438-40 (7th Cir. 2001). Therefore, application of this provision to Chan is not impermissibly retroactive and thus his 1993 conviction is properly deemed an aggravated felony.[4]

Finally, plaintiff argues that he is not barred from establishing his good moral character because his conviction has been "waived for immigration purposes" by operation of the discretionary relief from deportation that he received in 1996. See Pl.'s Mem. at 12.

As discussed at length at Oral Argument, see Tr. at 6-9, 16-19, this argument is unpersuasive. Relief of the sort given to plaintiff represents a grant of mercy that "gives the alien a chance to stay in the United States despite his misdeed," Molina-Amezcua v. Immigration & Naturalization Serv., 6 F.3d 646, 647 (9th Cir. 1993), but it does not result in "a pardon or expungement of the conviction itself," Matter of Balderas, 20 I. & N. Dec. 389, 391 (Bd. of Immigration Appeals 1991). Although the government faces some limitations as to the use of that conviction in future removal proceedings, see 8 C.F.R. § 212.3(d); Matter of Balderas, 20 I. & N. Dec. at 391-92, there is no authority for the proposition that it should be foreclosed from considering that conviction in determining the completely unrelated question of fitness for naturalization, see 8 U.S.C. § 1427(d) ("No

---

[4] In addition, Chan's conviction occurred after November 29, 1990, which is the date after which a conviction bars one from establishing his good moral character. 8 C.F.R. § 316.10(b)(ii). Before November 29, 1990, conviction for murder barred one from showing good moral character, but conviction for other aggravated felonies did not. See Immigration Act of 1990, Pub. L. No. 101-649, § 509(a).

6

**APPEARANCES**

DiRAIMONDO & MASI, LLP
Attorneys for Plaintiff Kai Tung Chan
401 Broadhollow Road, Suite 302
Melville, NY 11747

    MICHAEL P. DiRAIMONDO, ESQ.
    MARY ELIZABETH DELLI-PIZZI, ESQ.

        Of Counsel

DAVID N. KELLEY
UNITED STATES ATTORNEY,
SOUTHERN DISTRICT OF NEW YORK
Attorney for Defendants Mary Ann Gantner and the
United States Citizenship and Immigration Services
86 Chambers Street, 4th Floor
New York, NY 10007

    F. JAMES LoPREST, JR.
    SPECIAL ASSISTANT UNITED STATES ATTORNEY

        Of Counsel

finding by the Attorney General that the applicant is not deportable shall be accepted as conclusive evidence of good moral character."); Donaldson v. United States, No. Civ.A. H-04-911, 2005 WL 1248879 (S.D. Tex. Apr. 26, 2005), especially given the immeasurable distinction between simply allowing an alien to remain in this country versus the conferral upon him of the awesome privilege of United States citizenship and the panoply of rights and freedoms that come with it, see, e.g., Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004); Demore v. Kim, 538 U.S. 510, 521-22 (2003); Berenyi, 385 U.S. at 636-37; Johnson v. Eisentrager, 339 U.S. 763, 769-71 (1950). Therefore, plaintiff's receipt of discretionary relief from deportation does not preclude the use of his conviction as a bar to his establishment of his good moral character.[5]

In sum, because plaintiff has been convicted of an aggravated felony, he is barred in perpetuity from establishing that he is a person of good moral character and therefore is incapable of satisfying the burden placed upon him on his application for naturalization.

### CONCLUSION

Based on the foregoing, defendants' Motion for Summary Judgment shall be and hereby is granted. The Court directs the Clerk of the Court to enter judgment for defendants and to close this case.

Dated: New York, New York
June 2 3 , 2005

_____
John E. Sprizzo
United States District Judge

---

[5] In addition, plaintiff's reading of the statutes would have the deleterious effect of dissuading the government from being merciful. Granting of discretionary relief would likely be severely curtailed if the result was an automatic, or at the very least unduly streamlined, naturalization process which precluded the government from raising an applicant's history of disqualifying convictions.

7

**APPEARANCES**

DiRAIMONDO & MASI, LLP
Attorneys for Plaintiff Kai Tung Chan
401 Broadhollow Road, Suite 302
Melville, NY 11747

    MICHAEL P. DiRAIMONDO, ESQ.
    MARY ELIZABETH DELLI-PIZZI, ESQ.

    Of Counsel

DAVID N. KELLEY
UNITED STATES ATTORNEY,
SOUTHERN DISTRICT OF NEW YORK
Attorney for Defendants Mary Ann Gantner and the
United States Citizenship and Immigration Services
86 Chambers Street, 4th Floor
New York, NY 10007

    F. JAMES LoPREST, JR.
    SPECIAL ASSISTANT UNITED STATES ATTORNEY

    Of Counsel